IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IBARRA CONSULTING ENGINEERS, INC. )<br>and RAQUEL IBARRA, )<br>   )<br>            Plaintiffs, )<br>   )<br>v. )<br>   )<br>JACOBS ENGINEERING GROUP, INC., )<br>   )<br>            Defendant. ) | Civil Action No. 3:19-CV-1437-C |

## ORDER

On this day, the Court considered Defendant's Motion for Attorneys' Fees, Plaintiffs' Response, and Defendant's Reply. The issue revolves around the Court's prior grant of summary judgment dismissing Ibarra Consulting Engineers, Inc.'s claim brought under 42 U.S.C. § 1981. Plaintiff Raquel Ibarra voluntarily dismissed her individual § 1981 claim following the filing of Defendant's Motion for Summary Judgment. The Court, in its discretion and following the dismissal of the federal question claim, remanded the remainder of Plaintiffs' claims to state Court. Defendant then filed its Motion for Attorneys' Fees in which it argued that the Plaintiffs' 42 U.S.C. § 1981 claims were frivolous. Defendant seeks attorneys' fees in the amount of $145,000.00, as well as contingent appellate fees. Following the filing of the Motion for Attorneys' Fees, Plaintiffs voluntarily dismissed their appeal of the Court's prior Order. Thus, the amount of appellate fees is moot. Defendant also argues in the alternative that it should be awarded attorneys' fees in the amount of $25,753.00. Defendant supports this request with the declaration of attorney John Barcus (in an attached exhibit) stating that this latter amount is attributable exclusively to the § 1981 claims.

After review of the arguments by the Parties, the Court finds that the legal work attributable to the federal claims are not so distinguishable from the legal work required to defend the remaining claims so as to make an award justified in this instance or serve the interest of justice. As the Court found, the § 1981 claims were a repackaging of the breach of contract claims—thereby making the legal work necessary for defending both types of claims. Although Plaintiffs were ultimately unsuccessful in their § 1981 claims, they did cite relevant case authority from other jurisdictions that gave some support to their argument regarding whether a corporate entity could have standing in limited instances to pursue a claim under 42 U.S.C. § 1981. As such, it cannot be said that their claims/arguments, though unpersuasive in this instance, were completely frivolous.

Therefore, the Court finds that Defendant's Motion for Attorneys' Fees should be **DENIED**.

SO ORDERED.

Dated this 25th day of January, 2021.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE